NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERILYM PAOLA POS-SOTO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2227

Agency No.
A215-932-137

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.[***]

Merilym Paola Pos-Soto, a native and citizen of Guatemala, petitions for a

review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously ordered that this case be submitted on the briefs and record without oral argument. *See* Dkt. No. 22; Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

When, as here, the BIA conducts its own analysis and adopts the IJ's reasoning, we review both the BIA's and IJ's decisions. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We review legal conclusions de novo and factual determinations for substantial evidence. *Id.* We will grant a petition only if "the petitioner shows that the evidence *compels* the conclusion that the BIA's decision was incorrect." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation modified); *see also Garland v. Ming Dai*, 593 U.S. 357, 368 (2021) ("The only question for judges reviewing the BIA's factual determinations is whether *any* reasonable adjudicator could have found as the agency did.").

Substantial evidence supports the BIA's determination that petitioner filed a frivolous asylum claim. If the Attorney General finds that an alien knowingly submitted a frivolous asylum application and the alien has received appropriate notice, the alien becomes permanently ineligible for asylum benefits. 8 U.S.C. § 1158(d)(6). This finding is subject to four procedural safeguards: (1) notice to the alien of the consequences of filing a frivolous asylum application, (2) sufficient evidence that a material element of the application was deliberately fabricated, (3) a specific finding that the alien knowingly filed a frivolous application, and (4) an indication that the alien was afforded sufficient opportunity to account for any

discrepancies or implausible aspects of the claim. *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007); *see also Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008) (adopting the procedural framework outlined in *Matter of Y-L-*).

The record demonstrates that the IJ and BIA properly applied the *Matter of Y-L-* framework and that their findings are supported by substantial evidence. Petitioner does not dispute that she received notice of the consequences for filing a frivolous asylum application. Petitioner admitted that she was never harmed based on her sexual orientation, presented false testimony to remain in the United States, and she knew that testimony was false. Furthermore, despite petitioner's proffered explanation, the IJ found that her deception was knowing, deliberate, and material.

Petitioner's response is that she has post-traumatic stress disorder ("PTSD"), which prevented her fraudulent misrepresentations from being deliberate. Petitioner appears to claim that her PTSD caused an inability to remember important aspects of the traumatic events and distorted her cognition about the causes or consequences of those events. Specifically, petitioner claims that she was threatened with sexual violence that left her badly traumatized and unable to process the reasons for her flight from Guatemala. Petitioner argues that her fabrications therefore cannot be viewed as deliberate, premeditated, or fully considered.

Even if she has PTSD, petitioner has not shown how that condition renders her fraudulent statements indeliberate. She does not claim that she was unable to

remember why she left Guatemala, nor that she believed the fraudulent statements to be true when she made them. Indeed, petitioner admitted to the IJ that she decided not to tell the truth because she was afraid that telling the truth would result in her deportation.

Petitioner also argues that she freely recanted her falsehoods when given an opportunity to do so and never intended to pursue an asylum claim based on those falsehoods. Petitioner posits that the false information in the asylum application was based on a miscommunication between her and her counsel. These arguments lack merit. First, petitioner admitted that she decided not to tell the truth because she was afraid of being deported. Second, even if there was a miscommunication between petitioner and her attorney, petitioner signed the application and is thus responsible for any misrepresentations contained therein. Finally, petitioner did not freely recant her prior statements at the first opportunity. Rather, petitioner admitted the deception in her third declaration to the IJ—nearly nine months after filing her asylum application.

Substantial evidence supports the BIA's determination that petitioner knowingly submitted a frivolous asylum application and is thus ineligible for asylum.

Alternatively, substantial evidence supports the BIA's finding that petitioner is ineligible for asylum and withholding of removal because she did not identify a

cognizable social group. An applicant who fears persecution on account of membership in a particular social group ("PSG") has the burden of identifying a cognizable social group. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) ("[I]t is the applicant's burden to demonstrate the existence of a cognizable particular social group."). The applicant "must show that the proposed social group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (citation modified). The particularity requirement is used in determining "whether a collection of individuals is considered to be a particular social group" within the relevant society. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013). The social distinction requirement refers to whether the proposed group is recognized by the relevant society, which depends on "the perception of the society in question." *Conde Quevedo*, 947 F.3d at 1242.

Petitioner's proposed PSG is "children with parents who have relocated to the United States." The BIA affirmed the IJ's determination that this PSG was not sufficiently particular to be a cognizable social group. Petitioner, however, asserts that the "PSG has the necessary social distinction because the Guatemalan government formally recognizes such parent-child relationships." This argument misses the point. Petitioner does not argue that she will be persecuted because she

has *parents*; she argues that she will be persecuted because her parents *live in the United States*. As such, it is petitioner's burden to show that children of parents who *live in the United States* constitute a social "group [that] would be recognized, in [Guatemala], as a discrete class of persons." *Henriquez-Rivas*, 707 F.3d at 1091. Petitioner has not met that burden. Even disregarding her frivolous asylum application, petitioner is ineligible for asylum and withholding of removal.

Finally, substantial evidence supports the BIA's finding that petitioner is not entitled to CAT protection. Petitioner failed to establish that she suffered past torture. Petitioner provided only generalized country conditions evidence about the corruption, violence, and crime that the Guatemalan government was generally ineffective at investigating and preventing. Thus, petitioner also failed to establish a likelihood of torture by or with the acquiescence of the Guatemalan government upon return to Guatemala.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

25-2227